PROVOSTY, J.
The defendant is a Wisconsin corporation; and the suit is to recover the amount of expenses alleged to have been incurred in taking care of and feeding 29 horses and several head of cattle belonging to the defendant. This stock was shipped by the defendant from Wisconsin to this state, consigned to I-Ienry T. Merritt, in whose behalf this suit is brought. One of the defenses is that the shipment was made in pursuance of a contract, and the evidence shows that there was a contract.
For proving the terms of this contract, the testimony of witnesses was taken in Wisconsin before a Louisiana commissioner and notary public, by means of a commission purporting to have been issued under the provisions of Act 176, p. 261, of 1910; that is to say, unaccompanied by interrogatories to the witnesses, or, in other words, simply authorizing the commissioner to examine the witnesses as they would be examined in court if present, and to reduce their answers to writing and return them to the court.
This evidence was objected to, on the grounds that said Act 176 of 1910 does not authorize testimony to be taken in that manner outside of the state.
The act reads “outside of the parish,” and defendant contends that there is nothing in the act to restrict its operation to the limits of the state. The act requires that the opposing party shall be notified, and seems to contemplate that he is to have an opportunity to be present when the testimony is taken; and this can hardly be, if the commission is to be sent to some distant country. Moreover, our law has always made a clear distinction between testimony to be taken by commission “outside of the parish” (Code Prac. art. 425) and “outside of the state” (article 436), so that the expression “outside of the parish” may be said to have acquired the double meaning of outside of the parish but inside of the state; and the said Act 176 of 1910, read as a whole, would seem to have used it in the latter sense.
The evidence showing, however, that there was a contract, we think the ends of justice would require that the case should be remanded to afford the defendant an opportunity to prove up this contract in order that the rights of the parties may be determined according to their contract, especially that from the evidence 'taken, which cannot be considered because of the irregularity in the manner of taking it, the court is informed that this contract is in writing and fully regulates the relations of the parties.
The judgment appealed from is therefore set aside, and the case is remanded to be tried in accordance with the views herein expressed. The defendant to pay the costs of this appeal.