His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows: •
Defendant appeals from a judgment against him upon his note executed in plaintiff’s favor on December 27,' 1911, and payable March 27, 1912.
As to the defense of want of consideration it appears that in 1910-1911 defendant conducted an establishment where he trained and fitted for the race track unschooled horses sent to him by sundry persons engaged in the business of racing. Plaintiff, on the other hand, was engaged in the feed business and his unpaid account, consisting principally of items of feed furnished that establishment, constitutes the purported consideration of the note.
Defendant’s contention, however, is that the account was properly chargeable and credit in fact given not to him, but to the persons whose horses he was training and that consequently cannot be held-upon a note given by him for their debt.
But it is shown that credit could not have been extended to the owners of the-horses, since apparently their identity was unknown and not divulged to plaintiff until long after the transaction occurred; and moreover, two of them, called as witnesses by defendant, testify that the latter was to provide the feed for the horses and that they had no connection whatever with the account — a statement confirmed by the production of a check executed when the transaction was fresh in their minds. And even more conclusive of the fact that the account constituted an obligation of defendant is the incident that one of its items admittedly consists of a cash loan to him.
*438 Another contention of defendant is that the note was never .an outstanding obligation because plaintiff, to whom he had sent it, declined to accept an unendorsed note and had notified him that it had been destroyed, and that he would look to the owners of the horses and not to defendant for the payment of the account.
The production by plaintiff of the note more than three years after its date, fresh and bearing every indication of careful preservation is sufficient to cast doubt upon a defense which is in itself improbable, since it is predicated upon the proposition that plaintiff deliberately and without consideration agreed to release defendant, the real debtor, .and to substitute others against whom he had no claim whatever. -
And we must likewise believe that plaintiff’s refusal to .accept the note occurred, if at all, after he had kept possession of it for more than three months, for defendant’s letter, undated, but wherein he promises to make a payment shortly to plaintiff on account of the note, proves that the note had then matured and was still outstanding ¡and unrepudiated 'by either party.
And if the refusal to accept the note occurred after its maturity, a conclusion confirmed by defendant’s witness, Toombs, who fixes the time as the spring or summer of 1912, then we are confronted with the remarkable incident, likewise depicted by Toombs, of plaintiff insisting that he will not take or beep his debtor’s interest bearing and matured note, but will continue to stand upon the unacknowledged open account in settlement of which the note was executed.
The sole witness heard in open 'Court to sustain the defense was the defendant himself. The trial Court apparently was not impressed by his testimony, nor are we. *439 Moreover, the depositions taken on defendant’s behalf and without interrogations should'not be considered as Act 176 of 1910 does not refer to testimony taken without the State. 137 La., 586.
Opinion and decree, May 29, 1916.
Rehearing refused, June 26th, 1916.
Writ applied for but not as yet passed upon. July 11th, 1916.
Judgment affirmed.